IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RANDALL MASSEY,       )
                      )
        Plaintiff,    )
                      )
    v.                ) Civil Action No. 07-426
                      )
MICHAEL J. ASTRUE,    )
COMMISSIONER OF       )
SOCIAL SECURITY,      )
                      )
        Defendant.    )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 30th day of September, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Farqnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending application[1] for disability insurance benefits on June 24, 2004, alleging a disability onset date of April 29, 2002, due to a back injury, hernia and numbness in his legs and hands. Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on March 17, 2006, at which plaintiff, *pro se*, appeared and testified. On June 13, 2006, the ALJ issued a decision finding that plaintiff is not disabled. On February 1, 2007, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 41 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school education with vocational training in cosmetology. He has past relevant work experience as a cosmetologist, hairstylist, security officer and waiter but has not engaged in any substantial gainful activity since his alleged onset date of April 29, 2002.

---

[1] For purposes of plaintiff's Title II application, the ALJ found that plaintiff met the disability insured status requirements of the Act on his alleged onset date and had acquired sufficient coverage to remain insured through June 30, 2007.

AO 72
(Rev. 8/82)

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine with chronic low back pain and radiculopathy, those impairments, alone or in combination, do not meet or equal the criteria of any impairment listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in sedentary work which would allow him to sit or stand at his discretion. A vocational expert identified numerous categories of jobs which plaintiff could perform based upon his age, education, work experience and residual functional capacity, including lens assembler, laborer and telemarketer. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform his past relevant work, he is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is

AO 72
(Rev. 8/82)

not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff seeks a remand of this case on two grounds: (1) the ALJ did not exercise the heightened duty of care to develop the record that he owed to plaintiff as an unrepresented claimant; and, (2) the Appeals Council, in denying review, failed adequately to consider additional medical records which were submitted for the first time to the Appeals Council because the ALJ failed to obtain them on plaintiff's behalf. Upon review, this court is satisfied that the ALJ's decision is supported by substantial evidence and that a remand is unwarranted.

---

[2] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520. See also Newell, 347 F.3d at 545-46.

Social Security proceedings are inquisitorial, not adversarial and, "it is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." Sims v. Apfel, 530 U.S. 103 (2000). Moreover, it has long been established in this circuit that the ALJ has a heightened duty to develop the record and to hold full and fair hearings when a claimant is unrepresented. Livingston v. Califano, 614 F.2d 342 (3d Cir. 1980); Dobrowolsky v. Califano, 606 F.2d 403 (3d Cir. 1979).

Importantly, however, the fact that a claimant is unrepresented by counsel and has knowingly waived this right is not alone sufficient for remand, rather remand is appropriate only where "the lack of counsel prejudiced the claimant or ... the administrative proceeding was marked by unfairness due to lack of counsel." Livingston, 614 F.2d at 345. The court may find a proceeding unfair where the ALJ does not develop a complete record and the essential inquiry is whether "the incomplete record reveals evidentiary gaps which result in prejudice to the claimant." Gauthney v. Shalala, 890 F.Supp. 401, 410 (E.D.Pa. 1995).

Here, plaintiff contends that the ALJ breached his duty to develop the record by failing to obtain treatment records from plaintiff's pain specialist, Dr. Heres. Plaintiff contends that the ALJ prejudiced plaintiff by pledging at the hearing to obtain those records and then failing to do so. Accordingly, plaintiff seeks a remand for consideration of those records.

In fulfilling the duty to help a pro se claimant develop the record, an ALJ must scrupulously and conscientiously probe into, inquire of and explore for all the relevant facts. Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003). The court believes that the ALJ did so in this case and that all of the relevant facts were before the ALJ. The record establishes that the ALJ had before him a voluminous amount of medical records from numerous physicians, including records from Dr. Heres detailing plaintiff's treatment in 2004. In addition, the ALJ considered records from a number of other medical sources including plaintiff's treating physician, a rehabilitation specialist, a neurologist, a neurosurgeon, an orthopedic specialist, a disability expert and an occupational therapist. The ALJ adhered to the appropriate standards[3] in evaluating the foregoing medical evidence and plaintiff does not allege, nor does the court find, any error in the ALJ's evaluation of this evidence.

Plaintiff does allege, however, that the ALJ breached his duty to him as an unrepresented claimant by also not obtaining the 2005-06 treatment records from Dr. Heres, necessitating a remand. However, even assuming the ALJ's failure to obtain this one set for records constituted a breach of his duty to plaintiff as an

---

[3] Under the regulations, an ALJ is to evaluate every medical opinion received, regardless of its source, and is required to consider numerous factors in deciding the weight each opinion is entitled, including the examining and treatment relationship and the specialization of the medical source along with the opinion's supportability and consistency and any other factors tending to support or contradict the opinion. 20 C.F.R. §404.1527(d).

unrepresented claimant, plaintiff is not ipso facto entitled to a remand for consideration of those records. Instead, plaintiff must show he was prejudiced by the ALJ's failure to obtain those records. Plaintiff cannot make that showing here because the missing records would not have had any effect on the disability determination.

The missing records from Dr. Heres contain no objective findings that would support a finding of disability. To the contrary, in all three reports, dated October 13, 2005, December 7, 2005, and January 24, 2006, Dr. Heres reported that upon physical examination, plaintiff "appears in no acute distress", that he "displays no overt pain behaviors" and that his "gait is normal." (R. 312; 313; 315). Accordingly, even had the ALJ obtained these records, there is nothing contained within them that would have created an "evidentiary gap" which may have altered the ALJ's ultimate disability determination.

As plaintiff has failed to demonstrate prejudice or unfairness at the hearing resulting from the ALJ's failure to obtain Dr. Heres' records, the court finds that a remand for a new hearing would be inappropriate in this case based upon a breach of the ALJ's duty to an unrepresented claimant.

Plaintiff's second argument likewise is unavailing. Plaintiff alleges that the Appeals Council in denying review erred by failing to consider additional records submitted to the Appeals Council that were not presented to the ALJ. These additional records included not only the missing records from Dr. Heres but

also a set of records from plaintiff's treating physician, Dr. Bendt.

However, this court has no authority to review the actions of the Appeals Council in denying review. As the Third Circuit Court of Appeals explained in Matthews v. Apfel, 239 F.3d 589 (3d Cir. 2001), the standards for judicial review are governed by the Social Security Act. Pursuant to §405(g), a claimant unsuccessful in the administrative process may seek judicial review of the final decision of the Commissioner denying benefits. However, where the Appeals Council denies a claimant's request for review, it is the ALJ's decision which is the final decision of the Commissioner, and it is that decision that the court is to review. Id. at 592. As the Third Circuit explained, "[n]o statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council's decision to deny review." Id. at 594.

Here, plaintiff is asking this court to review the Appeals Council's decision to deny review, which this court has no statutory authority to do. Rather, it is the ALJ's decision, the final decision of the Commissioner, that is before the court for judicial review. Id. at 594-95.

Finally, to the extent plaintiff seeks a remand pursuant to Sentence 6 of §405(g) for consideration of the additional reports from Dr. Heres and Dr. Bendt, the court likewise finds that such a remand would not be appropriate in this case because plaintiff has failed to show that the evidence is new and/or material, and

likewise has failed to show good cause for not presenting these records to the ALJ. Matthews, 239 F.3d at 594; Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984).

When a claimant proffers evidence in the district court that previously was not presented to the ALJ, the district court's determination of whether to remand to the Commissioner is governed by Sentence 6 of §405(g) of the Act. See Matthews, 239 F.3d at 593. Sentence 6 of §405(g) provides that the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See Szubak, 745 F.2d at 833. The Third Circuit Court of Appeals repeatedly has emphasized that "a claimant must satisfy all three requirements of Sentence 6 (new, material and good cause) in order to justify a remand." Matthews at 594; Szubak at 833.

In order to support a sentence 6 remand, "the evidence must first be 'new' and not merely cumulative of what already is in the record." Szubak, 745 F.2d at 833. "Evidence is new if it was not and could not have been presented at the prior administrative proceeding." DeMoss v. Heckler, 706 F.Supp. 303, 308 (D.Del. 1988). New evidence is "material" within the meaning of §405(g) if it is relevant and probative and there is "a reasonable possibility that the new evidence would have changed the outcome

of the [Commissioner's] determination." Szubak, 745 F.2d at 833.

Applying the standard for sentence 6 remands set forth in Szubak and reaffirmed in Matthews, the court finds that plaintiff in this case has failed to satisfy the three requirements necessary to justify a remand. First, plaintiff has failed to show that the additional treatment records are "new" and not cumulative of other evidence considered by the ALJ.

Likewise, plaintiff has failed to demonstrate that the additional reports are material as plaintiff has not made any showing as to how the additional records even possibly would have changed the ALJ's determination. As already discussed above, the records from Dr. Heres contain no objective findings that may have altered the ALJ's finding of not disabled, nor do those of Dr. Bendt. Accordingly, the new evidence proffered by plaintiff cannot be deemed "material" within the meaning of section 6.

Finally, even if the proffered evidence could be characterized as new and material, a district court may remand the case to the Commissioner only if the claimant also demonstrates that there is good cause for the absence of that evidence in the administrative record. Here, plaintiff has failed to demonstrate any good cause for not presenting Dr. Bendt's records to the ALJ. And even if the ALJ's asserted breach of duty to plaintiff as an unrepresented could be considered "good cause" for not presenting Dr. Heres' records to the ALJ, plaintiff cannot establish that those records are material or that they are not merely cumulative.

Thus, because the court finds that plaintiff's proffered evidence is not "new" or "material" evidence within the meaning of §405(g), and because plaintiff has failed to demonstrate good cause for not presenting the evidence below, the court finds that plaintiff is not entitled to a remand for consideration of this evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. As plaintiff concedes, the ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
1789 S. Braddock Ave., Suite 570
Pittsburgh, PA 15218

Lee Karl
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219